IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kailia Ford, | ) | C/A No.: 4:09-292-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Smithway Motor Xpress, Inc. and | ) | |
| Leonard Nelson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On January 14, 2009, plaintiff Kailia Ford (Plaintiff) commenced this action against defendants Smithway Motor Xpress, Inc. (Smithway) and Leonard Nelson (Nelson) (collectively Defendants) in the Chesterfield County, South Carolina, Court of Common Pleas. In her Complaint, Plaintiff seeks damages for injuries sustained when she collided with a tractor trailer driven by Nelson during the scope and course of his employment with Smithway. On February 5, 2009, Defendants removed the action on the assertion of diversity jurisdiction under 28 U.S.C. §1332. Jurisdiction under this section exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

This matter comes before the court on Plaintiff's motion to remand [Entry #39] filed August 4, 2010, in which she asserts that complete diversity does not exist, based on facts learned during the course of discovery that reveal Nelson was a resident of South Carolina at the time of the filing of the action. Because Plaintiff is also a resident of South Carolina,

she argues there is no diversity of citizenship in this action, and the court lacks jurisdiction to entertain the case.

Defendants have not filed an opposition to the motion for remand. There appearing to be no dispute as to the citizenship of Defendant Nelson, there is no diversity of citizenship among the parties, and this court lacks subject matter jurisdiction such that remand of the action to the Court of Common Pleas for Chesterfield County is appropriate. Therefore, the undersigned recommends[1] that Plaintiff's motion to remand [Entry #39] be granted. It is recommended that no costs be imposed, as removal was not improper given the facts then known to Defendants. If the district judge accepts this recommendation, the pending motion to compel [Entry #32] would be rendered moot.

IT IS SO RECOMMENDED.

*[signature]*

August 25, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] This motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. Some courts have found orders of remand are nondispositive and fall within 28 U.S.C. § 636(b)(1)(A). *See, e.g., McRae v. Evans*, C/A No. 2:06-3075-CWH, 2006 WL 3327639 (D.S.C. Nov. 15, 2006) (noting magistrate judge's authority to enter final order remanding matter to state court); *Wachovia Bank, N.A. v. Deutsche Bank and Trust Co. Ams.*, 397 F. Supp. 2d 698, 700-02 (W.D.N.C. 2005) (finding same, collecting cases, noting the Fourth Circuit Court of Appeals has not addressed the issue). However, because there is a conflict in authority, the undersigned makes this Report and Recommendation.

2